IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID SORIA, M.D. and DAVID DARRIGAN, D.O., <br><br> Plaintiffs, <br><br> v. <br><br> APP HOLDCO, LLC, JOHN RUTLEDGE, TONY BRININGSTOOL, and ANDY MCQUEEN, <br><br> Defendants. | C.A. No. 24-692-GBW |

## MEMORANDUM ORDER

Pending before the Court is Defendants APP Holdco, LLC ("APP Holdco"), John Rutledge, Tony Briningstool, and Andy McQueen's (collectively, "Defendants") Motion to Strike the Second Amended Complaint ("Motion to Strike") (D.I. 59), which has been fully briefed (D.I. 59; D.I. 60; D.I. 61). In the opposition to Defendants' Motion to Strike, Plaintiffs David Soria, M.D. and David Darrigan, D.O. (collectively, "Plaintiffs") requested leave to file their already-filed Second Amended Complaint ("SAC"). D.I. 60. For the following reasons, the Court grants Defendants' Motion to Strike and defers the request from Plaintiffs for leave to file the SAC until after the parties fully brief the issue. D.I. 60.

I.  BACKGROUND

This case began in Texas state court when Plaintiffs filed Original Petition & Request for Equitable Relief against John Rutledge, Tony Briningstool, and Andy McQueen with the District Court of the 95th Judicial District in Dallas County, Texas, on October 25, 2023. D.I. 1, Ex. A. Plaintiffs filed a First Amended Petition & Request for Equitable Relief on November 17, 2023, that added APP Holdco as a defendant. D.I. 1, Ex. B. On January 2, 2024, Tony Briningstool and

Andy McQueen removed the case to the U.S. District Court for the Northern District of Texas (D.I. 1) and filed a Motion to Transfer to transfer the case to the District of Delaware (D.I. 2).

On January 9, 2024, Tony Briningstool and Andy McQueen filed a Motion to Dismiss for Failure to State a Claim ("Motion to Dismiss"). D.I. 9. The parties fully briefed the issue (D.I. 10; D.I. 28; D.I. 37). Plaintiffs filed a notice of nonsuit with the intention of dismissing their claims against APP Holdco on February 24, 2024. D.I. 24. On March 1, 2024, John Rutledge moved to join the Motion to Transfer (D.I. 29) and moved to join the Motion to Dismiss (D.I. 30). The District Court for the Northern District of Texas issued a Memorandum Opinion that, *inter alia*, granted the Motion to Transfer and John Rutledge's motion to join the Motion to Transfer, and it denied without prejudice the Motion to Dismiss, stating that the Motion to Dismiss "may [be] refile[d] in the transferee court subject to then-applicable rules." D.I. 44 at 2.

In this Court, the then remaining Defendants of John Rutledge, Tony Briningstool, and Andy McQueen renewed the Motion to Dismiss ("Renewed Motion to Dismiss") on July 15, 2024. D.I. 51. Per local rules, Plaintiffs' response to the Renewed Motion to Dismiss was due 14 days later on July, 29, 2024. D.I. 52. 21 days later, on August 5, 2024, Plaintiffs filed the SAC. D.I. 57. The SAC added 12 new plaintiffs and pleaded claims against all Defendants, including the previously dismissed APP Holdco, along with 7 new parties as defendants. *Id.*

Defendants filed this Motion to Strike on August 19, 2024. D.I. 59. Plaintiffs filed their Response to the Motion to Strike on September 6, 2024. D.I. 60. In their Response, Plaintiffs request that, if the Court should grant Defendants' Motion to Strike, the Court grant "leave to file the SAC only as to the original Defendants, Rutledge, McQueen, and Briningstool." *Id.* at 2-3. Defendants filed a Reply to Plaintiffs' Response on September 13, 2024. D.I. 61. On September 26, 2024, Plaintiffs voluntarily dismissed all claims except for the claims by Plaintiffs against

Defendants, thereby dismissing the 12 newly added plaintiffs and 7 newly added defendants from the SAC. D.I. 62; *see* D.I. 63 (granting Plaintiffs' voluntary dismissal).

## II.   LEGAL STANDARDS

Rule 15(a) of the Federal Rules of Civil Procedure provides that a "party may amend its pleading once as a matter of course no later than: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The court "should freely give leave [to amend the pleadings] when justice so requires." *Id.*

"The factors to consider in weighing a motion for leave to amend are well-settled: (1) whether the amendment has been unduly delayed; (2) whether the amendment would unfairly prejudice the non-moving party; (3) whether the amendment is brought for some improper purpose; and (4) whether the amendment is futile." *Cot'n Wash, Inc. v. Henkel Corp.*, 56 F. Supp. 3d 613, 620 (D. Del. 2014) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). The Third Circuit has adopted a policy of "strong liberality" in the amendment of pleadings. *Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990). "This approach ensures that a particular claim will be decided on the merits rather than on technicalities." *Id.*; *see also CMR D.N. Corp. v. City of Phila.*, 703 F.3d 612, 629 (3d Cir. 2013) ("[T]he pleading philosophy of the Rules counsels in favor of liberally permitting amendments to a complaint.").

## III.   DISCUSSION

In their motion, Defendants contend that this Court should strike the Second Amended Complaint because it "was filed without leave of court, and outside of the time wherein Plaintiffs

3

could have filed a first amended pleading 'as of right' under Federal Rules of Civil Procedure 15(a)." D.I. 59 at 1 (emphasis omitted). Plaintiffs disagree with Defendants' contention and, in the alterative, ask the Court for leave to file the Second Amended Complaint. D.I. 60.

### A. Plaintiffs Did Not File the SAC in Compliance with FRCP 15

Plaintiffs cannot file the Second Amended Complaint as of right under FRCP 15(a)(1) because they filed the SAC outside the time allotted by the rule. Under FRCP 15(a)(1), Plaintiffs could have served the SAC as a matter of course in the 21-day window from when Defendants filed the Motion to Dismiss on January 9, 2024.[1] August 5, 2024, the filing date of the SAC, was outside the allotted window.

Contrary to Plaintiffs' assertion,[2] there was no 21-day window from the date Defendants filed the Renewed Motion to Dismiss. FRCP 15(a)(1)(B) allows a single 21-day window after the first responsive filing to a pleading. There are two reasons that support this conclusion. First, there is the text of the rule itself. If FRCP 15(a)(1) allowed a 21-day window anytime a party filed a response to a pleading, then the rule would not have to require the window to start the from the

---

[1] The parties agree that Plaintiffs could not file the SAC as of right under FRCP 15(a)(1): "21 days after serving [the pleading]." Although not at issue in this case, the Court has identified a split among federal courts over whether a plaintiff may amend its complaint as a matter of course under this provision of the FRCP in federal court if it already amended the complaint pre-removal in state court. *Compare Mehdizadeh v. Starbucks Corp.*, No. 24-cv-3339, 2024 WL 5440867, at *1 n.1 (E.D. Pa. July 29, 2024) (holding that the plaintiff may amend his complaint as a matter of course despite "amend[ing] his complaint multiple times in state court prior to his removal") *with Whitehead v. Viacom*, 233 F. Supp. 2d 715, 719 (D. Md. 2002), *aff'd sub nom. Whitehead v. Viacom, Inc.*, 63 Fed. Appx. 175 (4th Cir. 2003) (unpublished) (granting the defendant's motion to strike the plaintiff's second amended complaint because the plaintiff "already filed a first amended complaint" in state court prior to removal).

[2] Plaintiffs cite two cases in support of its argument, but neither case stands for the argument that Plaintiffs assert. D.I. 60 at 1. First, in *Williams v. Rapid Pallet, Inc.*, the court agreed with the defendant and dismissed the amended complaint as untimely. No. 3:22-cv-177, 2024 WL 2057372, at *2 (M.D. Pa. May 6, 2024). Second, the only relevant part of *Robinson v. S.E. Pennsylvania Transportation Authority* to the instant case is stating the undisputed proposition that the Federal Rules "apply to a civil action after it is removed from a state court." 572 F. Supp. 3d 136, 144 (E.D. Pa. 2021) (quoting Fed. R. Civ. P. 81(c)(1)).

earlier response. *See* Fed. R. Civ. P. 15(a)(1)(B) ("A party may amend its pleading . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), *whichever is earlier*." (emphasis added)). Second, the advisory committee note clarifies that the 21-day periods "are not cumulative" such that "[i]f a responsive pleading is served after one of the designated motions is served, . . . there is no new 21-day period." Fed. R. Civ. P. 15(a)(1) advisory committee's note to 2009 amendment; *see Blackhall v. Access Group*, No. CIV 10-508 WJM, 2010 WL 3951206, at *1 (D.N.J. Oct. 7, 2010) (deciding that the plaintiff "no longer ha[d] the right to amend her complaint as a matter of course" in response to later Rule 12(b)(6) motions after the 21-day window in response to the first Rule 12(b)(6) motion ended); *Evans v. City of Ann Arbor*, No. 21-10575, 2021 WL 2949502, at *2 (E.D. Mich. July 14, 2021) (denying plaintiffs' attempt to "add together multiple twenty-one-day periods" from multiple motions to dismiss); 3 Moore's Federal Practice - Civil § 15.12 (2025) ("[T]here is, in fact, only one, single 21-day period available for amending 'as a matter of course.' The *earliest* served responsive pleading or motion starts that single period running." (emphasis in original)).[3]

## B.  Plaintiffs' Other Excuse Is Unconvincing

Plaintiffs' other excuse for missing the FRCP 15(a) deadline is unconvincing. Plaintiffs contend that "[a]ll the parties agreed to stipulate to an extension of Plaintiffs' briefing deadlines." D.I. 60 at 2. First, the Court notes that it highly encourages parties to place any agreements before the Court as part of the record, and the Court is reticent to police the parties' communications to

---

[3] Because the Court is granting Defendants' Motion to Strike on this ground, it need not address the question of whether Plaintiffs' amendment in state court constituted their only amendment as a matter of right under the Federal Rules of Civil Procedure. *See supra* n.1; *Brooks-McCollum v. Emerald Ridge Serv. Corp.*, 563 Fed. Appx. 144, 147 (3d Cir. 2014) (unpublished) ("Under Federal Rule of Civil Procedure 15(a), a plaintiff generally may amend a complaint once. Fed. R. Civ. Pro. 15(a)(1). A second amendment requires the opposing parties' written consent or leave of court. Fed. R. Civ. Pro. 15(a)(2).").

discern an agreement. Nevertheless, Plaintiffs failed to even attach the alleged emails documenting the agreement. Without any sort of documentation as proof, the Court cannot say there was an agreement between the parties. Moreover, from the emails Defendants provided, the Court identifies two reasons for disbelieving Plaintiffs' account. First, the parties discussed "a stipulation for an extension of the Plaintiff's [sic] brief," which does not imply they were stipulating time to amend the complaint. D.I. 61-1, Ex. 1 at 2. Second, the parties' emails did attach a proposed stipulation, but the absence of it being filed with the Court suggests the parties did not agree to it.

### C. Plaintiffs' May File a Motion for Leave

In the alternative, Plaintiffs seek leave to file the SAC. D.I. 60 at 2. Plaintiffs contend that leave to amend should be freely given when justice so requires. Plaintiffs further assert that there is no prejudice to Defendants in allowing the SAC "because these Defendants agreed to extend the filing deadlines." *Id.* at 3 (emphasis omitted).

The Court will defer on Plaintiffs request until after the parties fully brief the issue. While the Third Circuit has adopted a policy of "strong liberality" in the amendment of pleadings, there are other factors that the Court must consider. *Dole*, 921 F.2d at 487. In particular, since Plaintiffs submitted the SAC in response to Defendants' Renewed Motion to Dismiss, the parties should address, *inter alia*, the issue of whether the amendment is futile. *See Cot'n Wash*, 56 F. Supp. 3d at 620.

Moreover, the Federal Rules require that any "request for a court order" must "be in writing" and "state with particularity the grounds seeking the order." Fed. R. Civ. P. 7(b). Given the issues that the parties must address in Plaintiffs' request for leave, Plaintiffs must submit a separate motion and "state with particularity the grounds seeking the order." *Id.*; *see Ranke v. Sanofi-Synthelabo Inc.*, 436 F.3d 197, 205-06 (3d Cir. 2006) (upholding the district court's

6

decision in not granting leave to amend the complaint because the request was "nothing more" than two sentences in a response to a motion to dismiss); *Ramsgate Ct. Townhome Ass'n v. W. Chester Borough*, 313 F.3d 157, 161 (3d Cir. 2002) (same); *Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1222 (11th Cir. 1999) ("Where a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly."); *Anil Enterprises v. Getty Petroleum Mktg., Inc.*, No. CIV A 07-3688 (NLH), 2008 WL 4066366, at *2 (D.N.J. Aug. 27, 2008) (holding it "procedurally improper" to advance a motion for leave to amend in an opposition brief to a motion for summary judgment); *O'Reilly Plumbing and Constr., Inc. v. Lionsgate Disaster Relief, LLC*, No. 1:19-cv-00024, 2020 WL 6393902, at *5 (D.V.I. Nov. 2, 2020) (similar).

## IV.  CONCLUSION

For the foregoing reasons, the Court grants Defendants' Motion to Strike and defers Plaintiffs' request for leave.

\* \* \*

WHEREFORE, at Wilmington this 10th day of September 2025, **IT IS HEREBY ORDERED** that Defendants' Motion to Strike the Second Amended Complaint (D.I. 59) is **GRANTED**.

_____
GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE